Aug. 11, 1876.    DINSMORE *v.* WINEGAR.

*Consideration of deed—Parol evidence.*

The defendant agreed to pay a certain sum for a farm, and to pay the taxes for the year 1870. He paid the sum agreed, but did not pay the taxes. *Held,* that the plaintiff might recover the amount of the taxes which she had paid, or caused to be paid, in an action of assumpsit.

*Held,* that it was no objection to the recovery that the plaintiff's husband had permitted the land to be taxed to him.

*Held,* that the land which was taxed to the husband for that year might be identified as the farm in question by parol evidence.

FROM HILLSBOROUGH CIRCUIT COURT.

ASSUMPSIT, to recover of the defendant the taxes assessed on the Copeland farm, so called, in Stoddard, in the year 1870. There was evidence tending to show that the defendant bought the farm in May, 1870, and agreed to pay the plaintiff $2,000 for it, and the taxes of that year. She paid the $2,000, but did not pay the taxes. The books of the town-clerk and selectmen were introduced in evidence. It appeared from the books that certain real estate in Stoddard was taxed to Silas Dinsmore, who was the husband of the plaintiff, and in the occupation of the Copeland farm in the year 1870. Edward E. Upton was produced as a witness by the plaintiff;—he stated that he was town-clerk of Stoddard at the present time, and one of the selectmen in 1870. It appeared from the books of the selectmen that the real estate taxed to Silas Dinsmore consisted of 170 acres of land. Mr. Upton was permitted to state, subject to the defendant's exception, that these 170 acres taxed to Silas Dinsmore constituted the Copeland farm ; that Mr. and Mrs. Dinsmore lived on the Copeland farm ; and that he never knew that they had any real estate in town except that.

---

The defendant moved for nonsuit, on the ground that there being a contract for the sale of land, and not being in writing, no action could be maintained on it; and also on the ground " that if the promise was made to pay taxes, that promise could extend only to such taxes as were legally assessed on the farm; and that taxes assessed on the farm of the plaintiff, to her husband, were not presumed to be taxes legally assessed on property of the plaintiff, but were presumed to be taxes assessed legally on property of the husband; and, it appearing by the record that taxes were so assessed, parol evidence was inadmissible to contradict, enlarge, or explain the record."

The motion for a nonsuit was overruled, and the defendant put in her evidence before the jury.

No exception was taken to the charge. The court instructed the jury that it was for them to say whether the parol evidence introduced by the plaintiff was sufficient to show that the taxes assessed to Silas Dinsmore were taxes assessed on the Copeland farm purchased by the defendant; that only taxes legally assessed could be recovered; and that, although a presumption would arise from the record alone that the taxes assessed to Silas Dinsmore were assessed on his property, the presumption would be one which might be overcome by the parol evidence.

The defendant requested the court to instruct the jury that taxes assessed to Silas Dinsmore are to be presumed to be taxes assessed on his property. The court declined to give the instruction, except as above.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside. The questions arising upon the foregoing case were transferred to the superior court by RAND, J., C. C.

*H. S. Clark*, for the defendant, took the following positions:

1. There was no competent evidence to show that any taxes were assessed on the Copeland farm.

2. There was no competent evidence to show that they were legally assessed.

*Perkins* v. *Langmaid*, 36 N. H. 501; 1 Gr. Ev., sec. 275; *Wadsworth* v. *Henniker*, 35 N. H. 189; *Orford* v. *Benton*, 36 N. H. 395; *Pittsfield* v. *Barnstead*, 38 N. H. 115; *Farrar* v. *Fessenden*, 39 N. H. 268.

The further position was taken, that it was not shown that the farm was not taxed to the plaintiff's husband by his consent.

*Briggs & Huse*, for the plaintiff, cited *Crosby* v. *Wadsworth*, 6 East. 602, *Davenport* v. *Mason*, 15 Mass. 95, 1 Comyns on Contracts 80, 1 Powell 309, 2 Vern. 363, *Holbrook* v. *Armstrong*, 1 Fairf. 40, *Wilkinson* v. *Scott*, 17 Mass. 249, *Brown* v. *Bellows*, 4 Pick. 179, *Hess* v. *Fox*, 10 Wend. 436, 4 Conn. 568, *Richards* v. *Allen*, 8 Pick. 405, *Boyd* v. *Graves*, 4 Wheat. 513, *Linscott* v. *McIntyre*, 3 Shep. 201, *Goodwin* v. *Gilbert*, 9 Mass. 513, *Pomeroy* v. *Winship*, 12 Mass. 513, *Moss* v. *Culver*, 3 Am. R. 601, Browne on Frauds, sec. 118, and cases

cited, *Morse* v. *Shattuck*, 4 N. H. 229, *Hall* v. *Hall*, 8 N. H. 131, *Graves* v. *Graves*, 45 N. H. 324, *Newell* v. *Hill*, 2 Met. 180, *Moore* v. *Ross*, 11 N. H. 547, *Fiske* v. *McGregory*, 34 N. H. 414, 36. N. H. 231, to show that the plaintiff having conveyed the farm, could maintain assumpsit to recover the price.

To show that the particular land taxed might be identified by parol testimony, they cited *Stoops* v. *Smith*, 100 Mass. 63, *Gerrish* v. *Towne*, 3 Gray 82, *Herring* v. *Boston Iron Co.*, 1 Gray 134, *Sutton* v. *Bowker*, 5 Gray 416, *Bradley* v. *Packet Co.*, 13 Pet. 89, *Price* v. *Mouat*, 11 C. B., N. S., 508, *Bradford* v. *Manly*, 13 Mass. 139 ; *Hogins* v. *Plympton*, 11 Pick. 97, *Clark* v. *Houghton*, 12 Gray 38, *Haven* v. *Brown*, 7 Greenl. 421, *Baker* v. *Hathaway*, 5 Allen 103, *Farwell* v. *Mather*, 10 Allen 322, *Putnam* v. *Bond*, 100 Mass. 58, 1 Gr. Ev., secs. 286–288, *Hall* v. *Davis*, 36 N. H. 659, 17 N. H. 443, 8 N. H. 300, and cases cited.

\* Cushing, C. J. The defendant agreed to pay the taxes for that year on the farm which was conveyed to her, as a part of the price of the farm. The farm has been duly conveyed to her, and she has received it. The cases of *Graves* v. *Graves*, 45 N. H. 323, and *Hall* v. *Hall*, 8 N. H. 129, are conclusive authorities that after land has been conveyed, and the title has passed to the grantee, an action may be maintained against him to recover the price.

This being so, it was incumbent on the plaintiff to show that the farm had been taxed, and that the tax had been paid. It was not necessary that the farm should have been taxed to her, nor that she, herself, should have paid it. If she had induced her husband to permit the farm to be taxed to him, and the assessors had consented to that arrangement, that would have been entirely lawful. It matters not to the defendant whether the plaintiff or the plaintiff's husband had been taxed for the land. The defendant's agreement was to pay the taxes, and, failing to do so, she was bound to pay the amount to the plaintiff, which she, the plaintiff, had caused to be paid.

The only question, then, that remains is, whether parol evidence was admissible to show that the Copeland farm was the farm which had been taxed to the plaintiff's husband. It was one of those instances of the introduction of parol evidence for the purpose of applying a writing to the subject-matter to which it belonged, quite too common to need the illustration of authorities. If the law be, as I take it to be, that it is not necessary that real estate should be taxed to its owner, no conclusive presumption exists that it has been so taxed, and it was therefore in no sense contradicting the record to show that the farm which was taxed to the plaintiff's husband did not belong to him.

Ladd, J., and Stanley, J., C. C., concurred.

*Exceptions overruled.*

---

\* Smith, J., having been of counsel, did not sit.